UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Any Kind Checks Cashed, Inc.; and Trust under the Will of Leman A. Mosley, | ) ) ) ) | C/A No.: 6:08-cv-1047 |
| Plaintiffs, | ) ) | ORDER (Written Opinion) |
| v. | ) ) | |
| City of Greenville, | ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on the plaintiffs' motion for remand. For the reasons stated herein, this Court grants the plaintiffs' motion.

## **Background**

Plaintiffs initiated this action in South Carolina state court to enjoin the defendant from enforcing a city ordinance that would prohibit Plaintiff Any Kind Checks from conducting its business at its current location, which is owned by its Co-Plaintiff. In addition to the injunction, the plaintiffs sought: (1) a declaration that the ordinance was unconstitutional under the South Carolina constitution; (2) a declaration that the ordinance was an unlawful exercise of the city in derogation of the plaintiffs' vested property rights; and (3) damages for tortious interference with the lease contract between the plaintiffs. None of these causes of action involve federal questions. (Pl's Mot. at 2.)

On March 5, 2008, Plaintiffs amended their complaint with a claim for damages pursuant to 28 U.S.C. § 1983.  Based solely on this amendment, Defendant removed plaintiffs' entire suit to this Court, invoking this Court's federal question jurisdiction. Plaintiffs now move to remand the case back to state court.

### Discussion

Plaintiffs argue that the federal issue Defendant relies upon for removal is not ripe because, until the state court makes a determination about the validity of the city's ordinance, there are no damages.  Defendant did not respond to the plaintiffs' motion.

"Removal jurisdiction is not a favored construction; we construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).  "If federal jurisdiction is doubtful, a remand is necessary."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Further, the party seeking removal carries the burden of establishing that federal jurisdiction is proper." *Id.*

It appears that the plaintiffs' federal issue is not ripe.  This makes federal jurisdiction dubious, and the defendant has not attempted to dispel this doubt.  There is no copy of the complaint, original or amended, in the record, and the defendant did not respond to the plaintiffs' motion for remand.  Though bare allegations in the notice of removal  may satisfy the minimal requirements for a notice of removal, they do not meet the significantly heavier burden of establishing that a ripe federal question exists.

*See Ellenburg v. Spartan Motors Chassis, Inc.* 519 F.3d 192, 200 (4th Cir. 2008) ("[O]n a challenge of jurisdictional allegations, the party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.")  Therefore, because the defendant has failed to carry its burden of establishing that this Court's jurisdiction is proper, the Court GRANTS the plaintiffs' motion to remand.

    IT IS THEREFORE SO ORDERED THAT this matter be REMANDED.

    IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 1, 2008
Anderson, South Carolina